No. 1599. ESTES *v.* WOODS. April Term, 1884. This was an action commenced May 12, 1883, on a sealed note, bearing date April 8, 1875, and upon an alleged new promise, *to wit*, a letter written by defendant to plaintiff on January 29, 1882, in words following : "My family has been sick and the weather so bad that I could not come over and see you concerning that note you wrote me about. I am going to Columbia this week, and when I come back I will come over and see you and see what must be done concerning the same."

The Circuit judge (Fraser) charged the jury that if they were satisfied that this letter was in reply to a letter received by defendant from plaintiff, and that in such letter of plaintiff the note sued on was sufficiently described to leave no doubt as to the particular debt intended, that then the letter of defendant was a sufficient acknowledgment of the debt to take it out of the operation of the statute of limitations. Verdict for plaintiff. *Held*—

1. That the provision of section 131 of the code as to written acknowledgments has reference only to the *evidence* necessary to establish an acknowledgment or new promise, but does not change the preëxisting law as to what acknowledgments will continue a debt not barred, or what new promises will create a new contract.

2. The note in this case was barred before the letter of January 29, 1882, was written, and such letter did not contain either an express promise to pay the old debt, or a clear and distinct admission of liability from which could be implied such a promise as would support an action. Therefore the Circuit judge erred in his charge to the jury.

Judgment reversed. OPINION by MR. JUSTICE McGOWAN, August 13, 1884. *W. A. Sanders*, for appellant. *S. P. Hamilton*, contra.